UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD B.,

           Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

_____

20-CV-07107-MJR
DECISION AND ORDER

      Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 12)

      Plaintiff Richard B.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 8) is granted, and defendant's motion (Dkt. No. 9) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for SSI on November 22, 2016, with an alleged onset date of October 18, 2016. (Administrative Transcript ["Tr."] 15, 158-84). The application was initially denied on April 14, 2017, (Tr. 15, 74-78), and upon reconsideration. (Tr. 15, 79-86). Plaintiff timely filed a request for an administrative hearing. (Tr. 15, 89-106). On August 13, 2019, Administrative Law Judge ("ALJ") Michael W. Devlin held a hearing in Rochester, New York, at which Plaintiff appeared, with counsel. (Tr. 32-48). A vocational expert also appeared and testified at the hearing. The ALJ issued an unfavorable decision on September 18, 2019. (Tr. 12-31). On October 22, 2020, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). This action followed.

## DISCUSSION

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.*

§§404.1520(c), 416.920(c).  Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:  first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1.  *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.  *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.  *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations."  *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.  At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."  *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.  *Id.* §§404.1520(f), 416.920(f).  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is

not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.  *The ALJ's Decision*

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 22, 2016, the application date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: status post gunshot wound to the abdomen; and status post hernia repair. (Tr. 17). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21). Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity (RFC) and concluded that he could perform sedentary work with the following limitations:

- Plaintiff must be allowed to use an assistive device such as a cane to ambulate to and from the workstation;
- He could occasionally push and/or pull 10 pounds;
- He could occasionally climb ramps and/or stairs, balance, stoop, kneel, crouch, and crawl;
- And he could never climb ladders, ropes, or scaffolds.

(Tr. 21-24).

At the fourth step, the ALJ found that Plaintiff could perform his past relevant work as a booking manager. (Tr. 24). In the alternative, at step five, the ALJ found that there exist jobs in significant numbers in the national economy that Plaintiff can perform. (Tr. 24-25). Therefore, the ALJ found that Plaintiff was not disabled since November 22, 2016, the application date. (Tr. 25).

IV.   *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the case must be remanded because the only medical opinion evidence in the record was stale, as the ALJ acknowledged, and the ALJ instead relied on his own lay opinion in forming his physical RFC finding. The Court agrees.

The only physical medical opinions in this case came from the state agency review consultants, on initial consideration and then reconsideration. (Tr. 53, 69-70). The state agency did not order a consulting physical exam, and the ALJ relied only upon the reviewing opinions. In weighing the opinions, the ALJ noted that "their assessments assumed that the claimant's recovery from his gunshot wound would be uncomplicated. However, the claimant experienced increased pain symptoms due to his hernia after these doctors conducted their assessments." (Tr. 24). Therefore, the ALJ gave the opinions little weight.

This left two basic problems with the ALJ's assessment of Plaintiff's physical RFC. First, the ALJ relied on opinion evidence he conceded was stale. As he acknowledged, the record was not fully developed at the time the state agency physicians gave their opinions, and subsequent evidence indicated that Plaintiff's condition deteriorated to an extent not anticipated by either reviewing doctor. "[M]edical source opinions that are

conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Carney v. Berryhill*, 2017 WL 2021529, *6 (W.D.N.Y. 2017) (citing *Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), aff'd, 652 F. App'x 25 (2d Cir. 2016) (quotation marks and citation omitted)). Courts in this circuit have consistently recognized that medical opinion evidence becomes stale when a claimant's condition worsens, to a point that a further surgery is necessary. See *Karmicka M. v. Saul*, 2020 WL 7352657, *4 (W.D.N.Y. Dec. 15, 2020) ("Because Dr. Miller's medical opinion, the only opinion in the record, occurred before Plaintiff's car accidents and consequential back injuries, the medical opinion does not consider Plaintiff's worsening condition. As a result, Dr. Miller's medical opinion was stale and, therefore, does not constitute substantial evidence to support the ALJ's findings.") (internal citation omitted); *Vazquez v. Saul*, 2019 WL 3859031, *3 (W.D.N.Y. Aug. 16, 2019) ("While Vazquez had foot problems even before she saw Dr. Miller, her subsequent surgery renders Dr. Miller's opinion stale with respect to Vazquez's foot ailments."); *Pagano v. Comm'r of Soc. Sec.*, 2017 WL 4276653, *5 (W.D.N.Y. Sept. 27, 2017) ("A stale medical opinion, like one that is rendered before a surgery, is not substantial evidence to support an ALJ's finding."); *Girolamo v. Colvin*, 2014 WL 2207993, *7-8 (W.D.N.Y. May 28, 2014) (finding that the ALJ should not have afforded great weight to medical opinions rendered before plaintiff's second surgery); *Jones v. Comm'r of Soc. Sec.*, 2012 WL 3637450, *2 (E.D.N.Y. Aug. 22, 2012) (finding that the ALJ should not have relied on a medical opinion in part because it "was 1.5 years stale" as of the plaintiff's hearing date and "did not account for her deteriorating condition"). Additionally, "[t]he timeliness of evidence is . . . a factor that courts have cited in finding a lack of substantial evidence in the record to affirm a decision

on benefits by the Commissioner." *Jones v. Colvin*, 2015 WL 4628972, *4 (W.D.N.Y. Aug. 3, 2015) (citing *Acevedo v. Astrue*, 2012 WL 4377323, *16 (S.D.N.Y. Sept. 4, 2012) (citing, *inter alia*, *Griffith v. Astrue*, 2009 WL 909630, *9 n.9 (W.D.N.Y. Mar. 31, 2009) ("The State Agency Officials' reports, which are conclusory, stale, and based on an incomplete medical record, are not substantial evidence.") (citation omitted); *Suarez v. Comm'r of Social Sec.*, 2010 WL 3322536, *8 (E.D.N.Y. Aug. 20, 2010) ("[B]ecause Dr. Weiss's opinion is both outdated and inconsistent with Dr. Misra's more recent findings, the propositions which the ALJ relied on Dr. Weiss's opinion for when determining Plaintiff's RFC should not have been afforded substantial weight without further explanation."))). The ALJ's reliance on the stale opinion evidence in this case was reversible error.

The second problem with the ALJ's analysis of Plaintiff's RFC is that it was not based on any medical opinion evidence. Instead, the ALJ rejected the only medical opinion evidence in the file – noting that it was stale – and endeavored to come to an RFC without explaining, other than with reference to his own lay judgment, how he arrived at the limitations in that RFC. In rejecting the reviewing opinions, the ALJ found that "a limitation to sedentary exertional lifting better accommodates the claimant's symptoms as documented in the medical record." (Tr. 24). The ALJ gave no citations to evidence in support of this finding. Moreover, in determining this sedentary RFC, the ALJ did not consider or explain why he rejected Plaintiff's testimony that he could not sit, or stand, for long periods of time. (Tr. 37-38 (testifying that he could stand for 15 minutes, sit for 45 minutes, and walk one block but only with a cane)).

"Decisions in this district have consistently held that an ALJ's RFC determination without a medical opinion backing it is, in most instances, not an RFC supported by substantial evidence." *Gibson v. Comm'r of Soc. Sec.*, *5 (W.D.N.Y. Nov. 3, 2020) (quoting *Smith v. Saul*, 2019 WL 2521188, *2 (W.D.N.Y. June 19, 2019)); see also *Henry v. Berryhill,* 2018 WL 6039297, *7 (W.D.N.Y. Nov. 19, 2018) (noting that "the overwhelming majority of cases in this District hold" that a functional medical opinion is required in order for RFC to be properly determined). In this case involving complex medical evidence including multiple surgeries and operative reports, the ALJ was not equipped to decide an RFC with reference to no opinion evidence whatsoever. See *Kathryn C. v. Comm'r of Soc. Sec.,* 2021 WL 195342 (W.D.N.Y. Jan. 20, 2021) (remanding where ALJ discounted medical opinions and leaving no medical opinion evidence upon which the RFC was based, finding that "because all medical opinions were given 'limited weight,' the ALJ necessarily relied on her own lay judgment to evaluate the medical records and formulate the RFC. It is otherwise 'unclear to the Court how the ALJ, who is not a medical professional, came up with this highly specific RFC determination.'") (citing *Perkins v. Berryhill*, 2018 WL 3372964, *4 (W.D.N.Y. July 11, 2018)).

Moreover, the ALJ included no explanation of how he arrived at the specific limitations in the RFC, another error requiring remand. See *Anthony T. v. Comm'r of Soc. Sec.,* 2021 WL 3884229 (W.D.N.Y. Aug. 31, 2021) (remanding where ALJ did not explain the "tether" between the RFC's limitations and the evidence) (citing *Jordan v. Berryhill*, 2018 WL 5993366, *3 (W.D.N.Y. Nov. 15, 2018); Annis v. Comm'r of Soc. Sec., 2019 WL 6875231, *10 (W.D.N.Y. Dec. 17, 2019) ("There must be some identifiable rationale for the conclusion. The ALJ should explain why he came up with his conclusion. Accordingly,

the Court finds that remand is warranted on this point."); *Hayes v. Comm'r of Soc. Sec.*, 2020 WL 728271, *3 (W.D.N.Y. Feb. 13, 2020) ("[T]he ALJ failed to rely on medical opinion that could bridge the gap between the clinical findings and specific functional limitations. . . . [I]t is clearly established that 'the ALJ may not interpret raw medical data in functional terms,' and that is what the ALJ did here") (internal citation omitted) (quoting *Johnson v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 286, 293 (W.D.N.Y. 2018)).[3]

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is granted and defendant's motion for judgment on the pleadings (Dkt. No.9) is denied. The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   May 16, 2023
         Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

---

[3] Plaintiff also argues that remand is required because the ALJ failed to consider Plaintiff's mental impairments, which he found nonsevere, throughout the balance of the sequential evaluation, resulting in errors at steps four and five in the failure to consider all the Plaintiff's impairments, whether severe or nonsevere. The Defendant should consider this argument on remand also.